**UNITED STATES of America, Appellee,**

v.

**Otis Franklin WIMBERLY, Appellant.**

**No. 90–2242.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1991.

Decided April 11, 1991.

Edward T. Oglesby, Camden, Ark., for appellant.

Steven N. Snyder, Fort Smith, Ark., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Otis Franklin Wimberly appeals his jury conviction for distribution of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 843(b). Wimberly assigns as error the district court's[1] denial of his motion to suppress his confession, and its exclusion of evidence concerning the circumstances of his confession. We affirm the district court's denial of Wimberly's motion to suppress his confession, but remand for a new trial with instructions to permit Wimberly to introduce evidence concerning the circumstances of his confession.

Before trial Wimberly moved to suppress certain pre-arrest statements given to postal inspectors while he was answering a subpoena in California. At a hearing, Wimberly testified that the postal inspectors forced him to go to the local post office to provide fingerprint and handwriting samples in a small room with no windows and two doors; that en route to the post office and while in the room, he was repeatedly accused, at times in a raised voice, of sending crack cocaine through the mail; and that although postal inspector Charles Gholson told him he was free to leave the room, he did not feel free to do

so. Gholson testified that Wimberly was told he was not under arrest and that he could provide the handwriting and fingerprint samples in California or in Arkansas; that Wimberly elected to provide the samples in California; that Wimberly was told he was free to leave and did not have to answer any questions; that one of the two doors to the room leading directly to the outside of the building remained open at all times; that no accusations or threats were made; and that Wimberly did not say he wanted to leave or stop talking. Following this testimony the district court denied Wimberly's motion to suppress.

During the ensuing jury trial, after Gholson testified concerning the inculpatory statements given to him by Wimberly, the district court refused to allow Wimberly to introduce evidence concerning the circumstances surrounding his giving of the statements. Wimberly subsequently testified that he had lied when he admitted his involvement in the crime, but on cross-examination denied making any inculpatory statements at all.

The district court's denial of Wimberly's motion to suppress was not clearly erroneous. *See United States v. Jorgensen*, 871 F.2d 725, 728 (8th Cir.1989). The plain language of 18 U.S.C. § 3501(a), however, required that the district court allow Wimberly to introduce evidence at trial on the voluntariness of his confession despite the court's previous determination that the confession was admissible. The government's argument that section 3501(a) is inapplicable here because Wimberly denied at trial making any incriminating statements, is without merit. We are persuaded by the decisions in *United States v. McLernon*, 746 F.2d 1098, 1118–20 (6th Cir.1984) and *United States v. Barry*, 518 F.2d 342, 346–47 (2d Cir.1975) which hold, in the context of giving a jury instruction on the voluntariness of a confession, that the imperative in section 3501(a) is not qualified by the defendant's denial that he made any incriminating statements. As stated in

1. The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas.

*Barry*, 518 F.2d at 347, "[a] defendant may properly claim that he made no incriminating statements and that any statements which the jury might find that he made were coerced."

Accordingly, we affirm the district court's denial of Wimberly's motion to suppress his confession, but remand for a new trial with instructions to permit Wimberly to introduce evidence concerning the circumstances of his confession.